IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONOVA AG and PHONAK, LLC,<br><br>                              Plaintiffs<br>v.<br><br>HEARSITE, INC.<br><br>                              Defendant | Case No. 17-CV-6715<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Sonova AG and Phonak, LLC (collectively, "Plainitffs") file this Complaint against Hearsite, Inc., alleging as follows:

## PARTIES

1.      Plaintiff Sonova AG ("Sonova") is a Switzerland Aktiengesellschaft having its principal place of business at Laubisrütistrasse 28, Stäfa 8712, Switzerland.

2.      Plaintiff Phonak, LLC ("Phonak") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 4520 Weaver Parkway, Warrenville, Illinois 60555.

3.       Defendant Hearsite, Inc., d/b/a Buyhear, is an Iowa corporation with a principal place of business at 5550 Wild Rose Lane, Suite 400, West Des Moines, Iowa 50266.

## NATURE OF ACTION AND JURISDICTION

4.     This is an action for copyright infringement under 17 U.S.C. § 501, and for trademark infringement, unfair competition, and false advertising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and for trademark infringement, unfair competition, and unjust enrichment under Illinois common law.

5.     This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code §§ 1331 and 1338, and supplemental jurisdiction over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367(a).

6.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a foreign state. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7.     On information and belief, Defendant does business in this District and a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8.     This Court has personal jurisdiction over Defendant. On information and belief, Defendant has engaged in a continuous and systematic course of doing business in Illinois, including that a substantial portion of the activities complained of herein have occurred in and been purposefully directed at, and continue to occur in and be directed at, this District. Defendant sells its products that infringe Sonova's intellectual property over the Internet, and on information and belief, in this judicial district. Further, on information and belief, Defendant

directs its business activities at Illinois, transacts business within Illinois and this judicial district, and is thus subject to personal jurisdiction in Illinois.

9. Sonova's headquarters for its PHONAK branded products, discussed below, is located in this District.

## BACKGROUND

## I. SONOVA AND ITS TRADEMARKS AND COPYRIGHTS

10. Sonova is a world leader in innovative hearing solutions offering a wide range of hearing care devices and audiological services. Sonova operates worldwide, including in the U.S. and this District, through a number of core brands, including PHONAK and UNITRON, leaders in the hearing aid and hearing accessories market.

11. For well over fifty years, Sonova, through its predecessors in interest and affiliates, has used the marks PHONAK and UNITRON for hearing aids and hearing and sound related accessories. Plaintiffs also use the marks NAIDA, BELONG, B-DIRECT, TEMPUS, and MOXI, among other marks, in connection with PHONAK and UNITRON branded products for hearing aids and hearing and sound related accessories (collectively, the "Sonova Marks").

12. Sonova hearing aids are designed to be customized and fitted by a licensed hearing care professional. Prior to fitting by the hearing care professional, the hearing aids will not compensate for the particular hearing deficit of the user. The hearing care professional investigates the degree and manner of hearing loss across the frequencies of human hearing and will program the hearing aid appropriately. This provides quality control of the device to perform for the specific hearing needs of a particular user.

13.     Sonova has not authorized the sale of products under the Sonova Marks by any online retailers. Due to the unique, precise nature of these medical devices and customization required for optimal performance, Sonova believes the best treatment plan for individuals with hearing loss is through face-to-face interaction with and treatment from licensed hearing care professionals so that they may conduct the personal fitting and fine-tuning necessary for such individuals at the initiation of the purchase. An essential component to providing the highest patient satisfaction with hearing technology, the licensed professional provides patient counseling, technology selection, professional fitting and verification of operation and benefit of the technology. Therefore, hearing instruments sold via the internet without the face-to-face involvement of a licensed professional may provide suboptimal benefit.

14.     When PHONAK and UNITRON branded products, including different lines of those products offered under additional Sonova Marks, are purchased from unauthorized retailers such as Defendant, the warranty on those products is expressly void.

15.     In addition to its extensive common law rights, Sonova also owns the following federal trademark registrations and applications for its Sonova Marks:

| Mark | Registration No. / Application Ser. No. | Goods/Services |
|---|---|---|
| PHONAK and Design<br><br>PHONAK | 2,389,792 | Wireless transmitters and receivers and parts thereof, in particular for use in connection with hearing aids for deaf, in Class 9<br><br>Hearing aids for the deaf and parts therefore, in Class 10<br><br>Consultancy relating to the use and application of hearing aids for the deaf, in Class 42 |
| UNITRON | 961,012 | Hearing aids, in Class 10 |

| Mark | Registration No. / Application Ser. No. | Goods/Services |
|---|---|---|
| BELONG | 5,164,430 | Hearings aids and their parts and fittings; medical hearing instruments and parts of such devices, in Class 10<br><br>Software for hearing aids, in Class 9 |
| NAIDA | 4,835,066 | Software for use in the field of audiology; software for fitting, programming, controlling, testing and monitoring prosthetic hearing devices and implants and associated sound processors; digital sound processors; audio processors for use with, but sold separately from, hearing implants, namely, processors providing electrical stimulation signals based on sensed acoustic or electric signals; audio processors for use with, but sold separately from, hearing aid systems, namely, processors providing electrical stimulation signals based on sensed acoustic or electric signals; electronic cables; headsets in the nature of headpieces for use with, but sold separately from, hearing aids and hearing implants; headset electronic coils; headset magnets; headset inserts, namely, ear buds; headset ear hooks; headset microphones; batteries, in Class 9<br><br>Sound processors adapted for use with prosthetic hearing devices; audio processors for use with hearing aids and hearing implants, namely, processors providing electrical stimulation signals based on sensed acoustic or electric signals; headsets in the nature of headpieces for use with hearing aids and hearing implants, in Class 10 |
| MOXI | 3,500,637 | Hearing aids and accessories, namely, hearing aid couplings and receivers, in Class 10 |
| TEMPUS | 87/295,828 | Hearing aid operating software; software used to operate and control hearing aids, in Class 9<br><br>Hearings aids and their parts and fittings; medical hearing instruments and parts of such devices, in Class 10 |

| Mark | Registration No. / Application Ser. No. | Goods/Services |
|---|---|---|
| B-DIRECT | 87/348,213 | Software for hearing aids, namely, hearing aid operating software and software used to operate and control hearing aids, in Class 9 |
| | | Hearings aids and their parts and fittings; medical hearing instruments and parts of such devices; accessories for hearing aids, namely, receivers, transmitters, transceivers, hearing aid couplings, remote controls, microphones, integrated circuits, wireless connectors for connecting to mobile telephones and mobile audio devices and signal modules in the nature of digital audio and voice signal processors, in Class 10 |

Attached hereto as **Exhibit A** are copies of registration certificates for the above-referenced registrations, accompanied by status copies from the U.S. Trademark Office website showing the current status and owner of the mark. Each of the registrations is valid and subsisting, and Registration Nos. 961,012; 2,389,792; and 3,500,637 are incontestable pursuant to 15 U.S.C. § 1065. Also included in **Exhibit A** are status copies from the U.S. Trademark Office for the above-referenced applications.

16.     On August 17, 2017, Sonova launched its latest hearing aid the Phonak Audéo B-Direct. The product rendering of the B-Direct shown below was published on August 17, 2017, and registered with the U.S. Copyright Office on September 1, 2017. Sonova is the owner of U.S. Copyright Reg. No. VA0002065777 for the below product rendering (referred to sometimes as the "B-Direct Copyright").



Sonova is also the owner of the copyright in and has registered the below drawing that was published on August 17, 2017, and registered with the U.S. Copyright Office on September 11, 2017 under U.S. Copyright Reg. No. VA0002066676 (referred to as the "Hands Free Copyright"). The B-Direct Copyright and the Hands Free Copyright are collectively referred to as the "Registered Sonova Works" and copies of the U.S. Copyright Registration certificates are attached at **Exhibit B**.



17.    Sonova also owns the copyright in and has filed applications to register the renderings shown below of products offered under certain Sonova Marks (the "Unregistered Sonova Works") with the United States Copyright Office. Those applications were accompanied by such deposit materials and application fees as were required by law.



The Registered Sonova Works and Unregistered Sonova Works are collectively referred to herein as the "Sonova Works."

18.     Phonak, LLC is an affiliate of Sonova AG. Phonak is responsible for sales and marketing of PHONAK brand products in the United States. Phonak employs approximately 300 people in Warrenville, Illinois, and has over 750 employees in this District.

19.     Phonak develops, manufactures, and distributes hearing systems and wireless devices under the PHONAK brand. Phonak sells PHONAK branded products to authorized

retailers who perform the appropriate face-to-face hearing examination and fitting of the devices to each end-user. Phonak also provides sales and marketing support, equipment and software for health services professionals.

## II.     DEFENDANT'S UNLAWFUL ACTIVITIES

20.     On information and belief, Defendant offers and sells hearing aids and related products, including on its website at www.buyhear.com.

21.     Defendant is selling PHONAK and UNITRON branded hearing aids without authorization from Plaintiffs.

22.     Defendant is selling related PHONAK and UNITRON related accessories without authorization from Plaintiffs.

23.     Defendant is also promoting several different lines of PHONAK and UNITRON branded products under the Sonova Marks, including under the marks NAIDA, BELONG, B-DIRECT, TEMPUS, and MOXI, among others.

24.     Defendant is promoting the PHONAK and UNITRON branded products, including various lines of those products offered under additional Sonova Marks, on its website at https://www.buyhear.com using the Sonova Marks, including displaying the marks PHONAK and UNITRON in the stylized and design formats shown below. Examples of such use of the Sonova Marks on Defendant's website are attached as **Exhibit C**.



25.     Because Defendant is not an authorized distributor of Sonova's products, the manufacturer warranty on any product Defendant sells under the Sonova Marks is void.

26.     The warranty on these products is material to consumers' purchasing decision.

27.     Products offered by Defendant under the Sonova Marks are not genuine products and are materially different from genuine products sold by Sonova.

28.     Although the warranty on any products Defendant offers under the Sonova Marks is void, Defendant explicitly and falsely advertises that the PHONAK and UNITRON branded products it sells have a "3 Year Manufacturer Warranty" or a "1 Year Manufacturer Warranty." Examples of these statements from Defendant's websites are attached at **Exhibit C**, pages 5 and 13, **Exhibit D**, pages 6, 10, 15, 19, 24, 29, 35,42, and 46, and **Exhibit F**, pages 10 and 14.

29.     Defendant further implies to the consumer that the products will have warranty coverage by presenting itself as a "National Retail Outlet" and suggesting that it is authorized in is "sale of any or all manufactures [*sic*] products on the Buyhear.com website." Examples of these statements are attached at **Exhibit D**, pages 50 and 52.

30.     Defendant's statements, includes those in paragraphs 28 and 29, have deceived or have the capacity to deceive a substantial number of potential customers.

31.     Defendant uses the Sonova Marks in this District and elsewhere in the United States.

32.     Defendant promotes products for sale under the Sonova Marks to consumers in the United States, including on Defendant's interactive website at https://www.buyhear.com where consumers can purchase products and contact Defendant directly. Defendant's

advertisements on its website at https://www.buyhear.com are readily accessible to residents of this District and elsewhere in the United States.

33.     On information and belief, Defendant has sold products under the Sonova Marks in this District. Printouts from Defendant's website where Defendant promotes where its consumers are located and where it has sold or shipped products is attached at **Exhibit E**.

34.     Defendant also uses and displays Sonova product renderings copied directly from Sonova materials on Defendant's website at https://www.buyhear.com, including copies of the Sonova Works, as well as copies of many other product renderings and illustrations for which the copyright is owned by or exclusively licensed to Sonova. Screenshots showing examples of product renderings and illustrations copied from Sonova materials that are used and displayed by Defendant on its website are attached as **Exhibit F**.

35.     Defendant is not affiliated with or sponsored by Sonova. Defendant's use of the Sonova Marks and Sonova Works is without the permission or authority of Sonova.

36.     Sonova, through counsel, has notified Defendant of Sonova's rights in the Sonova Marks and Sonova Works and Defendant's infringement of those marks and works, but Defendant has continued its unauthorized use of the Sonova Marks and Sonova Works.

III.    **Effect of Defendant's Activities on Sonova and the Consuming Public**

37.     Defendant's procedures for sales of products utilizing Sonova Marks violates Sonova's warranty terms. Defendant's statements on its website, buyhear.com, misleads its customers into believing that its sales are authorized and covered by warranty to the detriment of the consumers, Sonova, and Phonak.

38.     Defendant's unauthorized use of the Sonova Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties in this District and elsewhere in the United States as to an affiliation, connection, or association of Defendant's business with Sonova, or as to the origin, sponsorship, or approval of Defendant's products by Sonova.

39.     Defendant's unauthorized use of the Sonova Marks falsely indicates to the purchasing public that Defendant, its business, and its products are affiliated, connected, or associated with Sonova, or are sponsored, endorsed, or approved by Sonova, or are in some manner related to Sonova or its goods or services.

40.     Defendant's unauthorized use of the Sonova Marks falsely designates the origin of Defendant's products, and falsely or misleadingly describes and represents facts with respect to Defendant and its products.

41.     Defendant's unauthorized use of the Sonova Marks enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense over many years by Sonova, and to gain acceptance for Defendant's products and business not solely on Defendant's own merits, but on the reputation and goodwill of Sonova and its marks, goods, and services.

42.     Defendant's unauthorized use of the Sonova Marks removes from Sonova the ability to control the nature and quality of goods and services provided under its marks, and places the valuable reputation and goodwill of Sonova in the hands of Defendant, over whom Sonova has no control.

43.     Defendant has been and continues to be unjustly enriched by obtaining a benefit from Sonova by taking undue advantage of Sonova and its goodwill. Specifically, Defendant has

–12–

taken undue advantage of Sonova by trading on the goodwill in the Sonova Marks developed and owned by Sonova, as well as using the Sonova Works without authorization, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its business and services.

44.     Unless these acts by Defendant are restrained by this Court, Defendant will continue to cause irreparable injury to Sonova and to the public in this District and elsewhere in the United States for which there is no adequate remedy at law.

## IV.     Willful Nature of Defendant's Wrongful Acts

45.     Defendant's acts of trademark infringement, false advertising, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Sonova's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I: COPYRIGHT INFRINGEMENT

46.     Sonova repeats the allegations above as if fully set forth herein.

47.     The copyright registrations for the Registered Sonova Works are valid, subsisting and in full force and effect.

48.     Sonova is the owner of pending copyright applications for the Unregistered Sonova Works

49.     Sonova is entitled to the exclusive use of the Sonova Works in commerce.

50.     Defendant's unauthorized display, reproduction, distribution, and publication of the Sonova Works constitute acts of copyright infringement with respect to copyrights owned by Sonova in violation of 17 U.S.C. § 501 *et seq*.

51. Defendant's infringement of the Sonova's exclusive rights in the Sonova Works has caused and is continuing to cause Sonova damage, and Defendant has profited and continues to profit from said infringement. Defendant's infringing conduct has been knowing and willful.

## COUNT II:  FEDERAL TRADEMARK INFRINGEMENT

52. Sonova repeats the allegations above as if fully set forth herein.

53. Defendant's conduct is causing and will continue to cause a likelihood of confusion, mistake and deception in the mind of the public, leading the public to believe that Defendant's products emanate or originate from Sonova or that Sonova has approved, sponsored or otherwise associated itself with Defendant.

54. The acts of Defendant complained of herein constitute infringement of Sonova's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55. Sonova has been damaged by Defendant's acts of federal trademark infringement.

56. Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## COUNT III:  VIOLATION OF LANHAM ACT SECTION 43(a)

57. Plaintiffs repeat the allegations above as if fully set forth herein.

58. The acts of Defendant complained of herein constitute trademark infringement, false advertising, false designations of origin, false or misleading descriptions or representations of fact and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendant's false assertions that products sold on its site are under warranty constitute a material deception, are likely to influence consumers' purchasing decisions, and such

–14–

assertions either have deceived or have the capacity to deceive a substantial number of potential customers.

60.     Sonova has been damaged by Defendant's acts of trademark infringement, false advertising, false designations of origin, false or misleading descriptions or representations of fact and unfair competition.

61.     Phonak has been damaged by false advertising, false designations of origin, false or misleading descriptions or representations of fact and unfair competition.

62.     Defendant's acts of trademark infringement, false advertising, false designations of origin, false or misleading descriptions or representations of fact and unfair competition have been and are willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

63.     Sonova repeats the allegations above as if fully set forth herein.

64.     The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Illinois.

## COUNT V: VIOLATION OF UNIFORM DECEPTIVE TRADE PRACTICES ACT

65.     Sonova repeats the allegations above as if fully set forth herein.

66.     The acts of Defendant complained of herein constitute deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act (815 ILCS 510 *et. seq.*).

## COUNT VI: VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

67.     Sonova repeats the allegations above as if fully set forth herein.

68.     The acts of Defendant complained of herein constitute deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et. seq*.).

## COUNT VI: UNJUST ENRICHMENT

69.     Sonova repeats the allegations above as if fully set forth herein.

70.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Sonova.

71.     Defendant has unjustly retained a benefit to Sonova's detriment.

72.     Defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

73.     Sonova has been damaged by Defendant's acts of unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a)      Defendant, its agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from reproducing, displaying, distributing, or creating works derived from the Sonova Works, and be required to deliver to the Court for destruction, or show proof of destruction of, any and all materials in Defendant's possession, custody or control that use, bear, or depict the Sonova Works;

b)      Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, and any other materials in Defendant's possession, custody or control that use, bear, or depict the Sonova Marks;

c)      Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the Sonova Marks, including any element or variation thereof, and any other designation confusingly similar thereto;

d)      Defendant be ordered to file with this Court and to serve upon Sonova, within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

e)      Sonova recover all damages it has sustained as a result of Defendant's trademark infringement, false advertising, false designations of origin, false or misleading descriptions or representations of fact and unfair competition, and that said damages be trebled;

f)      Phonak recover all damages it has sustained as a result of Defendant's false advertising, false designations of origin, false or misleading descriptions or representations of fact and unfair competition, and that said damages be trebled; and

g)      Sonova recover all damages it has sustained as a result of Defendant's copyright infringement, or if greater, statutory damages for all copyright infringements involved in this action, increased according to the Court's discretion;

h) An accounting be directed to determine Defendant's profits resulting from Defendant's wrongful activities, and that such profits be paid over to Sonova, increased as the Court finds to be just under the circumstances of this case;

i) Sonova recover its reasonable and necessary attorney fees under 15 U.S.C. § 1117(a) and 17 U.S.C. § 505;

j) Plaintiffs recover their costs of this action and prejudgment and post-judgment interest;

k) Plaintiffs recover such other relief as the Court may find appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Date:  September 18, 2017

/s David H. Bluestone
David H. Bluestone (IL Bar No. 6269436)
David.Bluestone@bfkn.com
Sharon E. Calhoun (IL Bar No. 6294212)
Sharon.Calhoun@bfkn.com
BARACK FARRAZZANO KIRSHBAUM
& NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
(312) 984-3100
(312) 984-3150 (Fax)

Wendy C. Larson
Tyson D. Smith
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (Fax)

**ATTORNEYS FOR PLAINTIFFS
SONOVA AG and PHONAK, LLC**